IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN EDWARD STAPLETON II | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRANSUNION LLC | : | NO. 25-5944 |

**MEMORANDUM**

**Padova, J.**                                                                                                **June 3, 2026**

Plaintiff John Edward Stapleton II brings this *pro se* action against Defendant TransUnion LLC ("TransUnion"), alleging that TransUnion violated the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 et seq., by reporting inaccurate bankruptcy information on Plaintiff's credit report and then refusing to correct such information after it was disputed.  Defendant has moved to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  For the reasons that follow, we grant Defendant's Motion but also afford Plaintiff leave to file a Second Amended Complaint.

## I.        FACTUAL AND PROCEDURAL BACKGROUND

The First Amended Complaint alleges the following facts.  Since 2023, Defendant TransUnion, a credit reporting agency ("CRA"), has reported information on Plaintiff's credit file regarding a bankruptcy case pending in the United States Bankruptcy Court for the District of Columbia.  (1st Am. Compl. ¶ 6.)  After Plaintiff requested information from the Bankruptcy Court regarding its "reporting methods with the credit bureaus," the Bankruptcy Court wrote to Plaintiff that it "does not provide information to the credit reporting agencies or bureaus."  (Id. ¶ 7 & Ex. A.)  The Bankruptcy Court further advised Plaintiff that credit bureaus "routinely gather information from the dockets of [the] court which, by law, are required to be maintained as public

records." (Id. Ex. A. (citing 11 U.S.C. § 107).)  Plaintiff thereafter sent Defendant three written disputes of the bankruptcy information on his credit report in letters dated April 25, 2025, May 22, 2025, and July 14, 2025.  (See 1st Am. Compl. Ex. B ("Dispute Ltrs.").)  In those letters, Plaintiff demanded that Defendant delete the bankruptcy information from his credit report, stating that "[his] inquiry to the [Bankruptcy Court] confirmed [Defendant] has never validated or verified [the] public record entries on [his] credit report," and that "the information [on the report] is indeed incorrect."  (Id. at 8 of 31.)  On May 30, 2025, and June 28, 2025, Defendant responded to Plaintiff's disputes, stating that it had "verified [the bankruptcy information] as accurate."  (1st Am. Compl. ¶ 9 & Ex. D.)  On May 23, 2025, and June 12, 2025, Plaintiff filed complaints with the United States Consumer Financial Protection Bureau, again asserting that Defendant had improperly reported the bankruptcy information.  (See id. Ex. E at 19-24 of 31.)  Plaintiff also filed a complaint with the Office of the Attorney General of Pennsylvania.  (See id. at 25 of 31.)  As a result of Defendant's actions, Plaintiff has suffered damage to his "creditworthiness, emotional distress, and financial loss in time and effort spent trying to correct the error."  (Id. ¶ 11.)

The First Amended Complaint asserts two claims.  Count I asserts that Defendant willfully violated Sections 1681e(b) and 1681i of the FCRA by failing to maintain reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, failing to conduct a reasonable reinvestigation of the report after receiving Plaintiff's dispute, and continuing to report inaccurate information.  Count II asserts that Defendant negligently violated Sections 1681e(b) and 1681i of the FCRA by failing to follow reasonable procedures and failing to conduct a proper reinvestigation of the report after receiving Plaintiff's disputes.

## II.    LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "must consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)). "We accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff . . . and we construe [the plaintiff's] pro se complaint liberally." Webb v. Chapman, 852 F. App'x 659, 660 (3d Cir. 2021) (first citing Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012); then citing Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). However, "we need not 'accept as true a legal conclusion couched as a factual allegation.'" Host Int'l, Inc. v. MarketPlace, PHL, LLC, 32 F.4th 242, 248 (3d Cir. 2022) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (citation omitted).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (first quoting Fed. R. Civ. P. 8(a)(2); then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (second alteration in original)). "A complaint is properly dismissed for failing to state a claim 'if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility.'" Talley v. Pillai, 116 F.4th 200, 206-07 (3d Cir. 2024) (alteration in original) (quoting Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Kalu v. Spaulding, 113 F.4th 311, 325 (3d Cir. 2024) (quoting Ashcroft v. Iqbal, 556

3

U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020) (quoting Twombly, 550 U.S. at 555).

Where, as here, the plaintiff is proceeding *pro se*, the United States Supreme Court has "instructed judges to hold [the] pro se complaint[] 'to less stringent standards than formal pleadings drafted by lawyers.'" Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). At the same time, "there are limits to [this] procedural flexibility," as "pro se litigants still must allege sufficient facts in their complaints to support a claim." Id. at 245 (citing Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996)).

## III.    DISCUSSION

Defendant argues that we should dismiss Plaintiff's FCRA claims because the First Amended Complaint "fail[s] to meet [the] threshold obligation of demonstrating an inaccuracy in [Defendant's] reporting of [Plaintiff's] bankruptcy." (Def. Mem. of Law at 8.) As previously discussed, the First Amended Complaint asserts two FCRA claims against Defendant based on assertions that Defendant either negligently or willfully violated Sections 1681e(b) and 1681i of the FCRA.[1] Section 1681e(b) of the FCRA requires a CRA to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the

---

[1] The FCRA imposes liability on CRAs for both willful and negligent violations of the statute's requirements. See 15 U.S.C. §§ 1681n, 1681o.

4

report relates." 15 U.S.C. § 1681e(b). In order to state a plausible claim for a violation of Section 1681e(b) against a CRA, a complaint "must plead four elements: (1) inaccurate information was included on the consumer's credit report; (2) the inaccuracy was due to the [CRA's] failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate information." Leboon v. Equifax Info. Servs., LLC, Civ. A. No. 18-1978, 2019 WL 3230995, at *3 (E.D. Pa. July 17, 2019) (citing Cortez v. Trans Union, LLC, 617 F.3d 688, 708 (3d Cir. 2010)). If a consumer disputes "the completeness or accuracy of any item of information contained in [the] consumer's file . . . and the consumer notifies the [CRA] . . . of such dispute," Section 1681i of the FCRA requires the CRA to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A). "A [CRA] is liable for failing to reinvestigate under Section 1681[i] if it 'had a duty to do so, and . . . would have discovered a discrepancy had it undertaken a reasonable investigation.'" Leboon, 2019 WL 3230995, at *3 (second alteration in original) (quoting Cortez, 617 F.3d at 713). Both "maximum possible accuracy" claims under Section 1681e(b) and "reasonable reinvestigation" claims under Section 1681i "will . . . fail if the consumer cannot show that the information in his or her file was inaccurate." Id. at *3 (alteration in original) (quoting Klotz v. Trans Union, LLC, 246 F.R.D. 208, 212 (E.D. Pa. 2007)); see Bibbs v. Trans Union LLC, 43 F.4th 331, 344-45 (3d Cir. 2022) (holding "that a plaintiff must show an inaccuracy to proceed [with a claim] under either § 1681e(b) or § 1681i(a)"); Holland v. Trans Union, LLC, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. Dec. 7, 2021) ("To state a viable claim under the FCRA, [the plaintiff] must establish that the information in his

5

credit report was inaccurate." (citing Cortez, 617 F.3d at 708, 712-13; Schweitzer v. Equifax Info. Sols. LLC, 441 F. App'x 896, 904 n.9 (3d Cir. 2011))).

Here, the First Amended Complaint does not identify any specific inaccuracy in Plaintiff's credit report, alleging only generally that Defendant has been "reporting inaccurate bankruptcy information" that has not been provided by the Bankruptcy Court itself. (See 1st Am. Compl. ¶¶ 6-7.) In that regard, the facts of this case are strikingly similar to those in another case that Defendant cites, Pierre v. TransUnion, Civ. A. No. 20-3325, 2020 WL 10228977 (N.D. Ga. Nov. 12, 2020). In Pierre, as in the instant case, the *pro se* plaintiff "challenge[d] [a CRA's] verification of the [plaintiff's] bankruptcy [on her credit report] because the bankruptcy clerk's office told her that it does not report information to [CRAs]." Id. at *2. The Pierre court found that allegation to be insufficient to support an FCRA claim, explaining that "the fact that the bankruptcy court clerk's office does not directly report information to [CRAs] does not support Plaintiff's apparent assertion that Defendant failed to reinvestigate her dispute or that it 'falsified' how they verified the existence of the bankruptcy" because "CRAs have other ways of accessing that information." Id. The court thus concluded that the "Plaintiff ha[d] not alleged that the bankruptcy information included on her consumer report was inaccurate or incomplete" and had failed to state a cognizable FCRA claim. Id.

We agree with the rationale of Pierre and conclude that Plaintiff's allegations that the Bankruptcy Court provided no information to Defendant directly, coupled with his failure to allege any specific factual inaccuracy in his credit report, do not support a plausible FCRA claim. See Williams v. Experian Info. Sols., Inc., Civ. A. No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. 2024) (affirming a district court's dismissal of the plaintiff's FCRA claims on the basis that the plaintiff pled "conclusory allegations that [the defendant] included 'inaccurate' information in his

6

report," without alleging "how or why that information was inaccurate or how [the defendant] should have reported it"); Smith v. Experian Info. Sols., Civ. A. No. 24 -2262, 2024 WL 2848310, at *3 (E.D. Pa. June 5, 2024) (concluding that a plaintiff failed to state a plausible FCRA claim under both Section 1681e(b) and Section 1681i because "she [did] not provide any factual specificity about [the] instances of inaccurate information" that she alleged to exist on her credit report).

In an apparent attempt to save his patently insufficient claims, Plaintiff makes new allegations of credit report inaccuracies in his Response to Defendant's Motion. Specifically, Plaintiff alleges that TransUnion's reporting of his bankruptcy filing "includ[ed] an incorrect chapter designation, an impossible 'date paid' entry for a dismissed case, an attorney attribution not found anywhere in the official docket, and a misleading status implying satisfaction or completion of a plan that never occurred." (Pl. Resp. ¶ 1; see also id. ¶ 40.) Plaintiff claims that he raised these alleged inaccuracies in multiple dispute letters that he submitted to TransUnion, although none of the dispute letters that he has attached to the First Amended Complaint reference any of these alleged inaccuracies. (See 1st Am. Compl. Ex. B.) As previously stated, a district court ruling on a motion to dismiss considers only the "complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Alpizar-Fallas, 908 F.3d at 914 (quoting Mayer, 605 F.3d at 230). Therefore, we cannot consider the new factual allegations in Plaintiff's Response in determining whether Plaintiff's First Amended Complaint states a plausible claim. [2]

---

[2] See Mathis v. Phila. Elec. Co., Civ. A. No. 14-2234, 2015 WL 12914149, at *1 n.2 (E.D. Pa. July 31, 2015) (refusing to consider the facts that the plaintiff presented in support of his claims in his response to the defendants' motions to dismiss because, "[i]n deciding a motion to dismiss, [the Court] may only consider facts presented in the complaint" (citing Hammond v. City of Phila., Civ. A. No. 00-5082, 2001 WL 823637, at *2 (E.D. Pa. June 29, 2001))), aff'd, 644 F. App'x 113

Plaintiff also requests, however, that we grant him leave to amend the First Amended Complaint to permit him to cure any pleading deficiencies. "[I]f a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "Federal Rule of Civil Procedure 15(a) provides that 'leave [to amend] shall be freely given when justice so requires.'" In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (alteration in original) (quoting Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir. 1996)). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Id. (citations omitted). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Id. (citation omitted). "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (citation omitted).

Defendant argues that any amendment to the First Amended Complaint would be futile because "Plaintiff has not pled (nor could he plead) how his bankruptcy was inaccurate." (Def. Mem. of Law at 8.) Defendant submits that "[its] bankruptcy reporting is completely accurate as reflected in [Plaintiff's] Bankruptcy Petition," which Defendant attaches to its Motion as Exhibit A. (Id.) Defendant thus maintains that "there is no way that Plaintiff could manipulate the existing facts to state a claim under the FCRA." (Id.) Defendant has not, however, specifically addressed the allegedly inaccurate bankruptcy information that Plaintiff references in his Response to Defendant's Motion, and the Bankruptcy Petition that Defendant has submitted does not contain information pertaining to the newly alleged inaccuracies.

---

(3d Cir. 2016); see also Hammond, 2001 WL 823637, at *2 ("A party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion." (citations omitted)).

8

We will consider Plaintiff's new factual allegations in assessing the futility of amendment. See Harris v. Wilkie, 833 F. App'x 974, 975 (3d Cir. 2021) (per curiam) (stating that, "[i]n certain cases, there may be good reasons to give a plaintiff, particularly a pro se one, two (or more) shots at amendment"); Batista v. Nutter, Civ. A. No. 15-4927, 2017 WL 3394591, at *3 (E.D. Pa. Aug. 7, 2017) (considering the facts asserted in the *pro se* plaintiff's response to the defendants' motion to dismiss in deciding whether to grant the plaintiff leave to amend).  In doing so, we find that the newly alleged credit report inaccuracies, i.e., an incorrect bankruptcy chapter designation, the entry of a 'date paid' for a dismissed case, the misidentification of Plaintiff's bankruptcy counsel, and a misleading implication of the satisfaction or completion of a bankruptcy plan that never occurred, have the potential to support an actionable FCRA claim for the reporting of inaccurate information under Sections 1681e(b) and 1681i.  See Seamans v. Temple Univ., 744 F.3d 853, 865 (3d Cir. 2014) ("It is not seriously debated . . . that factually incorrect information is 'inaccurate' for purposes of FCRA." (citation omitted)).   Moreover, Plaintiff submits that he notified Defendant in multiple written disputes of the specific inaccuracies that he now identifies, which could give rise to Defendant's obligation under Section 1681i to reinvestigate them.  See 15 U.S.C. § 1681i(a)(1)(A).  For these reasons, we conclude that Plaintiff has included new factual matter in his Response that could potentially support a facially plausible FCRA claim under both Section 1681e(b) and Section 1681i, and we are unable to conclude that granting leave to amend would be futile.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434; Batista, 2017 WL 3394591, at *3 (granting leave to amend because "[a]n amended complaint alleging the facts asserted in [the plaintiff's] response to Defendants' motion to dismiss would not be considered . . . futile by this Court.").  Consequently, we grant Plaintiff leave to file a second amended complaint that addresses the pleading deficiencies identified in this Memorandum.

9

## IV.    CONCLUSION

For the foregoing reasons, we grant Defendant's Motion to Dismiss and dismiss the First Amended Complaint without prejudice.    Plaintiff has also filed a "Motion for Ruling on Defendant's Motion to Dismiss," which we dismiss as moot in light of our ruling on Defendant's Motion.

BY THE COURT:

_/s/ John R. Padova, J._____
John R. Padova, J.